UNITED STATES v. SUPERWOOD CORPORATION    (No. 5179)*

United States Court of Customs and Patent Appeals, May 6, 1965

*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Charles Deem, Morris Braverman*, for the United States. *Joseph Schwartz, Earl R. Lindstrom* of counsel, for appellee.

[Oral argument April 6, 1965, by Mr. Deem and Mr. Schwartz]

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Jr., Associate Judges

SMITH, Judge, delivered the opinion of the court:

Appellee, the Superwood Corporation, imported five separate shipments of merchandise which it contends comprised "substantially one unit" of machinery for making hardboard. The collector classified the merchandise as separate entities and assessed the various rates of duties applicable thereto.[1] Upon protest by the importer, the Customs Court, Second Division (C.D. 2443), sustained the claim that the merchandise is properly dutiable under paragraph 372 of the

___

*C.A.D. 858.

[1] The two dozen or so individual items were variously classified under paragraph 353 as articles having as an essential feature an electrical element or device, at 13¾% ad valorem; under paragraph 353 as articles suitable for controlling and distributing electrical energy, at 15% ad valorem; under paragraph 353 as electrical switches, at 17% ad valorem; and under paragraph 372 as machines, not specially provided for, other, at 13% ad valorem.

58

Tariff Act of 1930 as "machines for making paper." The United States on this appeal challenges the correctness of that decision and raises two basic issues: 1) Whether the five different shipments constitute a single entry for tariff purposes, and 2) whether the imported merchandise is properly classifiable under paragraph 372.

Regarding the first issue, the United States takes the position that:

The five separate importations herein, involving various pieces of equipment, cannot be grouped to make up a tariff entirety.

\*        \*        \*        \*        \*        \*        \*

The principle that importers have a right to so prepare their goods for importation that they may obtain a more favorable rate of duty is undisputed. \* \* \* In the case at bar, the importer, if it wished to seek a lower rate of duty, might have arranged its importations differently. Not having done so, the importer cannot now ask that the Court view the five *separate* importations extending over a period of six and a half months as having been made at *one time* in order that a more favorable rate of duty might be obtained.

After close examination of the record and the decision of the court below, we agree with appellee that this issue does not appear to have been raised before the Customs Court or considered by it. There is no mention of the issue in the court's opinion and no specific assignment of error relating to it. ▇▇▇ This court has consistently refused to consider questions not raised and considered below. E.g., *Anderson Organization* v. *United States*, 46 CCPA 47, 50, C.A.D. 694; *United States* v. *Hirschberg*, 42 CCPA 61, 63, C.A.D. 571. Accordingly, we decline to consider the Government's first contention here.

The individual items comprising the imported merchandise were invoiced under technical terminology, for example "Wet Lap Conveyor," "Sheet Separator," "Limit Switches," "Soderhamn Wet Forming Machine" and the like. With respect to these items, the Customs Court found:

\* \* \* it has been clearly established that the imported equipment was specially designed and manufactured for the sole purpose of making hardboard at the plant of the importer. It has further been established that each of the imported components constitutes an integral and essential part in the production of hardboard.

The court went on to find that hardboard is a form of paper. Since these findings are supported by substantial evidence of record, we accept them as fact. *United States* v. *The Baltimore & Ohio R.R. Co.*, 47 CCPA 1, C.A.D. 719; *Carey & Skinner, Inc.* v. *United States*, 42 CCPA 86, C.A.D. 576; *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590. We likewise accept the court's conclusion based thereon, that "the imported equipment is used as a group of integrated machines for making paper and, accordingly, falls within these terms, as utilized in paragraph 372 \* \* \*."

The only remaining question is whether, as the Government contends, the importations should be classified, according to the rule of relative

specificity, under paragraph 353 for the reason that electric motors, switches and other electrically operated components are essential features of the imported merchandise.

In *United States* v. *Baker Perkins, Inc.*, 46 CCPA 128, C.A.D. 714, this court considered an analogous contention, and stated:

> * * * We cannot agree with the conclusion below that the electric motor by which appellees' mill is driven makes it essentially an electrical article. It was a grinding mill having a drive shaft to which a pulley was attached. Any source of adequate power connected to that pulley to rotate the shaft would run the machine. Except for practical and commercial considerations, in the operation of a chocolate factory in a given location, the power source would be immaterial. Selection of an electric motor did not make the grinding mill an essential electrical article. * * *

The same principle applies in the instant case. While the electrical elements of the machines make for greater convenience and efficiency in their operation, the testimony establishes that at least some of them could be operated without the electrical elements to which the Government refers. On balance, we think the imported merchandise is much more logically and specifically provided for in paragraph 372, as "machines for making paper."

The judgment is accordingly *affirmed*.